# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1776V

| | |
|---|---|
| FAZAL SIDDIQUI,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 8, 2024 |

*Timothy I. McArdle, I, Nolan Law Group, Chicago, IL,* for Petitioner.

*Lara Ann Englund, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION[1]

On August 30, 2021, Fazal Siddiqui filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury lasting more than six months, after receiving an influenza ("flu") vaccine on October 9, 2019. Petition at 1, ¶¶ 2, 10-11.

On June 27, 2023, Respondent filed his Rule 4(c) Report, opposing compensation. ECF No. 21. Specifically, he argues that the record shows Petitioner suffered prior left shoulder pain and dysfunction and that there are other conditions or abnormalities which would likely explain Petitioner's symptoms. *Id.* at 11-12; *see* 42 C.F.R. 42 C.F.R. §

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

100.3(c)(10)(i),(iv) (2017) (the first and fourth criteria set forth in the SIRVA Qualifications and Aids to Interpretation).

On January 5, 2024, Petitioner moved for a decision dismissing his petition. ECF No. 23. In the motion, Petitioner acknowledged that "he will be unable to prove that he is entitled to compensation under the Vaccine Program" (*id.* at ¶ 1) and "to proceed further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program" (*id.* at ¶ 2). Petitioner expressed his understanding that "a decision by the Special Master dismissing his petition will result in a judgment against him . . . [and] will end all of his rights in the Vaccine Program." *Id.* at ¶ 3. He indicated that he "intends to elect to reject the Vaccine Program judgment against him and elect to file a civil action." *Id.* at ¶ 5.

To receive compensation under the Program, Petitioner must prove that he received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine, a "non-Table claim." *See* Sections 13(a)(1)(A) and 11(c)(1). Additionally, for either a Table or non-Table claim, a petitioner must establish that he suffered the residual effects of his injury for more than six months post-vaccination, died from the administration of the vaccine, or suffered an injury which required an inpatient hospitalization and surgical intervention. Section 11(c)(1)(D). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner suffered from a SIRVA as alleged. For these reasons, and in accordance with Section 12(d)(3)(A), **Petitioner's motion is <u>GRANTED.</u> Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof.  The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.